IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AMY J. WALTERS,

                              Plaintiff,                            OPINION AND ORDER

    v.

                                                                     12-cv-804-wmc

MAYO CLINIC HEALTH SYSTEM-
EAU CLAIRE HOSPITAL, INC.,

                              Defendant.
_____

At the time plaintiff's expert disclosures were due in August 2013, plaintiff's counsel asked defendant's counsel if he objected to "placeholder" disclosures for current treatment providers, who had -- at that time -- yet to be secured by plaintiff because of an interruption in her insurance. (Affidavit of Carol Skinner ("Skinner Aff.") (dkt. #88) ¶ 4.) Under these circumstances, defendant's counsel did not object. (*Id.*; *see also* Def.'s Opp'n (dkt. #92) 2.) Consistent with this agreement, plaintiff filed her expert disclosures including the placeholder disclosure for "successor therapist/psychiatrist." (Skinner Aff., Ex. 1 (dkt. #88-1) ¶ 5.) Plaintiff now moves to supplement this disclosure with the actual names of her two current treatment providers, Dr. Michal J. Murray, M.D. and Margo Hecker, MS, LMFT. (Motion (dkt. #87) & Skinner Aff. (dkt. #88), ¶ 6.) With discovery closing in this case on February 21, 2014, and trial set to begin on March 24, 2014, the court will grant the motion subject to the conditions explained below.

OPINION

Principally because plaintiff only recently disclosed that her prior treating psychologist and previously named expert, Dr. Jay Collier (a former employee of defendant),

allegedly engaged in inappropriate sexual contact with her in the summer and fall of 2011, defendant now objects to plaintiff's request to supplement her expert disclosures. Specifically, counsel for defendant argues that his prior agreement to allow for supplementation was based on "incomplete information," which the plaintiff and/or plaintiff's counsel should have disclosed at the time. (Def.'s Opp'n (dkt. #92) 2.)

At the outset, the court rejects defendant's attempt to conflate the issues raised in this motion with other possible issues concerning Dr. Collier.[1] The only issue raised in plaintiff's motion to supplement is a straight-forward one: should the court enforce the parties' agreement to allow supplementation of current treatment providers? To that, the court answers "Yes." Accordingly, as timely disclosed in August of last year, the two recently-named providers will be allowed to testify as to "Plaintiff's mental health and treatment therefor, her ability to work, and damages resulting from the events complained of in this case," as disclosed in plaintiff's timely expert disclosure. (Skinner Aff., Ex. 1 (dkt. #88-1) ¶ 5.)

As for the other, not-yet-ripe issues raised in defendant's opposition, the court will make three additional observations purely as guidance to both sides. *First*, the court agrees with the parties that Dr. Collier's earlier observations, opinions and possible bias may be

---

[1] Defendant also raises concerns about: (1) plaintiff's alleged failure to timely produce (or produce at all) requested emails between Collier and plaintiff; and (2) plaintiff's failure to submit a signed report by Dr. Collier as part of her original expert disclosures. As for the first issue, to the extent that plaintiff failed to act diligently in producing requested discovery, a motion to compel would have been the proper avenue for relief, not refusing to honor an agreement to allow supplementation of expert disclosures. As for the second issue, as plaintiff correctly points out, Dr. Collier need not have submitted a signed report, since he was not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

relevant and important to the issues presented in this case. Either side's counsel has the authority to subpoena Dr. Collier for deposition as an officer of this court and, given a recent change to the Federal Rules of Civil Procedure, it is *this* court which would issue the subpoena, not the District of Arizona. Fed. R. Civ. P. 45(a)(2). If Dr. Collier refuses to cooperate, the parties may seek relief from the District of Arizona; or upon motion to that court, the District of Arizona could transfer a subpoena-related motion to this court. Fed. R. Civ. P. 45(f), (g). Either way, this court agrees the deposition is necessary and should take place before the February 21 discovery cutoff. The court would also support Dr. Collier being subpoenaed to testify at trial by live video feed should he refuse to appear in person.

*Second*, whether plaintiff's allegations of Dr. Collier's improper sexual advances are relevant or prejudicial to the issues to be tried in this case, and whether Dr. Collier's treatment notes and opinions may be relied upon by another doctor giving opinion testimony in this case are issues to be raised by the parties in their motions *in limine*. The court will not pre-judge these issues, other than to note that medical providers regularly rely on past medical records in reaching conclusions about their patients.

*Third*, the parties remain free to file motions with this court if some more urgent relief is required.

None of these observations, however, change the fact that defendant agreed to allow plaintiff to supplement her expert disclosures with the names of current providers. Therefore, plaintiff will be allowed to call her current treatment providers to testify at trial as to the topics previously disclosed.

ORDER

IT IS ORDERED that plaintiff Amy Walters' motion to supplement expert disclosures (dkt. #87) is GRANTED.

Entered this 23rd day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge