IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY J. WALTERS,

                Plaintiff,                OPINION AND ORDER

  v.

                                                              12-cv-804-wmc

MAYO CLINIC HEALTH SYSTEM-
EAU CLAIRE HOSPITAL, INC.,

                Defendant.

---

      In this opinion and order, the court addresses the parties' dispute as to whether the jury should be instructed on the relatively new definition of "substantially limited," in 29 C.F.R. §1630.2(j). Plaintiff submitted an additional brief in support of her jury instructions on the definition of disability. (Dkt. #169.) Plaintiff points out that the Seventh Circuit Pattern Jury Instructions were drafted in 2005, and thus pre-date the 2008 amendment to the ADA ("ADAAA"). Plaintiff proposes that the court use the language from 29 C.F.R. § 1630.2(j) to define "substantially limits," and directs the court to *Gogos v. AMS Mech. Sys.*, 737 F.3d 1170 (7th Cir. 2013), in which the court applied this regulation, albeit a different part of the provision.

      While the ADAAA was enacted in 2008, the EEOC regulation defining "substantially limits" did not become effective until May 24, 2011, after the alleged discrimination in this case. (Dkt. #186.) As such, defendant contends that "[t]he law as it existed as the time of the alleged discrimination is properly reflected in the pattern instruction." (*Id.* at 2.) In support, defendant points to the Seventh Circuit's decision in *Mojica v. Gannet Co., Inc.*, 7 F.3d 552, 559 (7th Cir. 1993), which overturned a jury

verdict because the district court instructed the jury on a version of Title VII that did not exist when the alleged discrimination occurred.

Unlike in *Mojica*, however, the relevant statute, the ADA Amendments Act of 2008 ("ADAAA"), was enacted and became effective *before* any of the discrimination alleged here. That amendment specifically provides:

> The definition of "disability" in paragraph (1) shall be construed in accordance with the following:
>
> **(A)** The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.
>
> **(B)** The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.

42 U.S.C.A. § 12102.

Among the "findings in the ADAAA referenced in paragraph (1)(B) quoted above was the following:

> Congress finds that the current Equal Employment Opportunity Commission ADA regulations defining the term "substantially limits" as "significantly restricted" are inconsistent with congressional intent, by expressing too high a standard.

Pub. L. 110-325, § 2, Sept. 25, 2008, 122 Stat. 3553.

The ADAAA also references certain "purposes," including:

> (4) to reject the standards enunciated by the Supreme Court in Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), that the terms "substantially" and "major" in the definition of disability under the ADA "need to be interpreted strictly to create a demanding standard for qualifying as disabled," and that to be substantially limited in

2

> performing a major life activity under the ADA "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives";
>
> . . .
>
> (6) to express Congress' expectation that the Equal Employment Opportunity Commission will revise that portion of its current regulations that defines the term "substantially limits" as "significantly restricted" to be consistent with this Act, including the amendments made by this Act.

*Id.*

While the EEOC's formal definition of "substantially limits" in 29 C.F.R. § 1630.2 did not become effective until approximately one month after Walters' termination, the ADAAA expressly altered the "substantially limits" definition consistent with the subsequently-adopted EEOC regulation.  The one exception, perhaps, is the language in 29 C.F.R. §1630.2(j), requiring a comparison between the ability of the person claiming to be disabled and "most people in the general population."  To the extent that this language arguably has no direct link to the ADAAA, the court will remove this phrase from the jury instruction should either party object to its inclusion. *See EEOC v. Autozone, Inc.*, 630 F.3d 635, 641 n.3 (7th Cir. 2010) (explaining that the ADAAA should not be applied retroactively).

3

Accordingly, the court will instruct the jury on the definition of "substantially limits" consistent with the ADAAA and the current version of 29 C.F.R. § 1630.2(j), except it will exclude the "most people in the general population" language should either party object.

Entered this 25th day of March, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge